

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~XXXCXXXXXXXXX~~
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1843
Re: Authority of Railroad Commission to
limit interstate operations of High-
way Motor Freight Lines, Inc.

You have handed to us copy of a certificate of conven-
ience and necessity, dated January 14, 1936, issued to Highway
Motor Freight Lines, Inc., authorizing an exclusively inter-
state operation, using not more than thirty-nine trucks. The
certificate contains the following:

"RESTRICTED ENTIRELY TO THE TRANSPORTATION OF
COMMODITIES MOVING IN INTERSTATE COMMERCE, FROM
POINTS BEYOND THE STATE LINE TO POINTS WITHIN
THE STATE OF TEXAS, AND FROM POINTS WITHIN THE
STATE OF TEXAS TO POINTS BEYOND THE STATE LINE;
BUT PROHIBITED FROM MOVING ANY COMMODITIES EITHER
INTERSTATE OR INTRASTATE, BETWEEN ANY TWO TEXAS
POINTS.

"THIS CERTIFICATE SHALL BE LIMITED AND RESTRICTED
TO NOT EXCEEDING TWO ROUND TRIPS PER WEEK OVER
ANY OF THE FOLLOWING HIGHWAYS:

"State Highways Nos. 1, 1-A, 2, 3, 5, 6, 7, 8,
9, 10, 12, 13, 14, 15, 16, 20, 24, 26, 31, 35, 40,
43, 64, 71, 88 and 19 as far South as Huntsville
and no further, 45, 156, 114 and 121.

"Federal Highways Nos. 66, 67, 69, 77, 277 and
370 from Bowie to Amarillo."

In your letter of June 7, 1940, you request our opinion
in response to the following question:

"Does the Railroad Commission of Texas have
the authority to restrict motor carriers oper-
ating wholly in interstate commerce to the ex-
tent of prohibiting said interstate carriers from
serving intermediate points?"

To make your question clear you offer the illustration that the port of Houston receives a large volume of freight moving by boat from the Atlantic seaboard, and it is there unloaded and immediately placed on motor vehicles for transportation to Dallas and other Texas cities, points of original destination. You mention that this freight universally has been accepted as freight moving in interstate commerce, which is undoubtedly correct. Highway Motor Freight Lines, Inc., desires to receive such freight at Houston (and other Texas cities under similar circumstances), transport the same over highways described in the certificate and deliver it at points in Texas on such highways. As an illustration, in a purely interstate transaction, it would pick up goods at Houston and deliver the same at Dallas without deviating from the highways named in its certificate.

The Highway Motor Freight Lines, Inc., holds a certificate from the Interstate Commerce Commission which would authorize the operation so far as that body is concerned. The validity of the restriction prohibiting the carrier from moving any commodities in interstate commerce between any two Texas points is thus brought into question.

Since the Federal Congress enacted the Motor Carrier Act of 1935, 49 U.S.C.A., Sec. 301, et seq., the Railroad Commission of Texas cannot concern itself with questions of public necessity and convenience with respect to purely interstate motor carriers, those questions being within the field occupied by the Congress. However, in the case of Thompson vs. McDonald, 95 Fed. (2d) 937, certiorari denied, it was held that the preservation and safety of the highways themselves are still within the jurisdiction of the Railroad Commission, and that this body may still deny the use of the highways to an interstate carrier when it is sufficiently shown that the preservation of the highways and safety of the traveling public would be endangered by the added traffic burden. As you know, the Austin and Waco Courts of Civil Appeals have followed that decision in a number of cases, in some of which writs of error were denied.

The certificate in question authorizes only the carrying of freight in interstate commerce from a point within this State to a point without its boundaries, and vice versa. This, of course, is a narrower authority than if the carrier were allowed to handle any and all interstate shipments regardless of the points where it might receive or deliver the same. Its use of the highways is correspondingly less. In granting the certificate upon such terms as it contained, the Railroad Commission necessarily found that the highways traversed could

properly handle the narrower service.  On the other hand,
there is absent any finding that the highways would be able
to withstand the added burden of the heavier traffic which
would follow from the broader authority, - that is, a cer-
tificate authorizing an unrestricted interstate operation
over all the highways described.

Our opinion follows that the Railroad Commission has
the authority to enforce the restriction contained in the
certificate.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Glenn R. Lewis
    Glenn R. Lewis
    Assistant

GRL:LW:wc

APPROVED JUN 18, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman